# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY DILLARD,<br><br>    Defendant. | Case No.  1:16-cv-00738-BAM-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Pending before the Court is Plaintiff's complaint, filed on May 27, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 6, 2016.  (ECF No. 6.)

1

1 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Wasco State Prison, brings this civil rights action against Defendant Deputy Dillard, an employee of the Kern County Sheriff's Department.

Plaintiff's claim stems from an incident on March 14, 2016, when he was transported from the Lerdo Pretrial Detention Facility to an outside clinic for an eye examination.  Plaintiff alleges that he was seated on a stool which rolled out from under him.  Plaintiff fell off of the stool, injuring his right arm and elbow.  Plaintiff was taken to Kern Medical Center.  Plaintiff alleges that "they determined that my arm was fractured and needed care since I have diabetes it was determined nothing can be done being that I could lose my arm in extreme pain." (ECF No. 1, ¶ IV.)

## III.

## DISCUSSION

A. **Eighth Amendment**

The events at issue occurred while Plaintiff was housed at a pretrial detention facility.  As

2

1. a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 ((1979); Simmons v. Navajo County, Ariz., 609 .3d 1232, 124 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is only violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff has not alleged any facts indicating that he was subjected to deliberate indifference as that term is defined above. The facts alleged indicate that Plaintiff fell off of a stool and was injured. Plaintiff also references his diabetes, but does not refer to any treatment or lack of treatment of his diabetes. There are no facts alleged indicating that the Defendant knew of a serious risk of harm to Plaintiff, or a serious medical condition of Plaintiff's, and was deliberately indifferent to that risk. Plaintiff is advised that, assuming he could allege facts indicating that Plaintiff's was injured as a result of Defendant's negligence, such an allegation

1 fails to state a claim for relief. Negligence does not become a constitutional violation merely
2 because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97 (1977); Snow, 681 F.3d at
3 987-88, overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at
4 1113, 1122 (9th Cir. 2012).

5   Further, Plaintiff has not alleged any conduct by the Defendant in this action. Section
6 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal
7 rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th
8 Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
9 Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive
10 rights, but merely provides a method for vindicating federal rights elsewhere conferred."
11 Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing
12 Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a
13 claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection,
14 between Defendant Smith's actions or omissions and a violation of his federal rights. Lemire v.
15 California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652
16 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff has failed to allege facts indicating that he was
17 subjected to deliberate indifference, or that Defendant Dillard engaged in any specific conduct.
18 This claim should therefore be dismissed for Plaintiff's failure to state a claim upon which relief
19 could be granted.

20 **IV.**
21 **CONCLUSION AND ORDER**

22   For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
23 be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll
24 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this
25 suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605,
26 607 (7th Cir. 2007)(no "buckshot" complaints).

27   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
28 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

1  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the
2  duties and responsibilities of each individual defendant whose acts or omissions are alleged to
3  have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
4  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
5  above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

6     Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
7  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
8  and must be "complete in and of itself without reference to the prior or superseded pleading,"
9  Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in
10 an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers
11 Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

12     Based on the foregoing, it is HEREBY ORDERED that:
13     1.  The Clerk's Office shall send to Plaintiff a civil rights complaint form;
14     2.  Plaintiff's complaint, filed May 27, 2016, is dismissed for failure to state a
15         claim;
16     3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file
17         a first amended complaint or a notice of voluntary dismissal; and
18     4.  If Plaintiff fails to file an amended complaint in compliance with this order, the
19         Court will dismiss this action, with prejudice, for failure to state a claim and to
20         obey a court order.

IT IS SO ORDERED.

23  Dated:  **August 8, 2016**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

5