# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SMITH, | Case No. 1:16-cv-00738-BAM-PC |
| Plaintiff, | ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | (ECF NO. 13) |
| DEPUTY DILLARD, | |
| Defendant. | ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C § 1915(g) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's August 17, 2016, first amended complaint, filed in response to the August 8, 2016, order dismissing the original complaint with leave to amend.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 6, 2016. (ECF No. 6.)

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

2  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

3  as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

4  Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

5      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

6  liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

7  342 (9th Cir. 2010)(citations omitted).  To survive screening, Plaintiff's claims must be facially

8  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

9  named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

10  Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has

11  acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

12  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

13  F.3d at 969.

14  **II.**

15  **COMPLAINT ALLEGATIONS**

16      Plaintiff, an inmate in the custody of the California Department of Corrections and

17  Rehabilitation (CDCR) at Wasco State Prison, brings this civil rights action against Defendant

18  Deputy Dillard, an employee of the Kern County Sheriff's Department.

19      Plaintiff alleges that on March 14, 2016, he was transported to an outside medical clinic

20  for an eye examination.  Plaintiff was seated on a rolling stool, while shackled at the feet, waist

21  and hands.  The stool rolled out from underneath Plaintiff, causing him to fall.  Plaintiff alleges

22  that Deputy Dillard was negligent because Plaintiff was unable to break his fall.  Defendant

23  laughed when Plaintiff fell.  Plaintiff was seen by a doctor and told that he needed further care,

24  which "never happened." (ECF No. 13, p. 4.) Plaintiff was eventually transferred to Wasco State

25  Prison.

26  ///

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.

# DISCUSSION

### A.    Eighth Amendment

The events at issue occurred while Plaintiff was housed at a pretrial detention facility.  As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36 ((1979); Simmons v. Navajo County, Ariz., 609 .3d 1232, 124  (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is only violated when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Id.  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff has not alleged any facts indicating that he was subjected to deliberate indifference as that term is defined above.  The facts alleged indicate that Plaintiff fell off of a stool and was injured.  Plaintiff also indicates that he did not receive the treatment the doctor said

1  that he needed.  There are no facts alleged indicating that the Defendant knew of a serious risk of

2  harm to Plaintiff, or a serious medical condition of Plaintiff's, and was deliberately indifferent to

3  that risk.  In the order dismissing the original complaint, Plaintiff was advised that, assuming he

4  could allege facts indicating that Plaintiff's was injured as a result of Defendant's negligence,

5  such an allegation fails to state a claim for relief. (ECF No. 12, 4:16.)  Negligence does not

6  become a constitutional violation merely because the victim is a prisoner.  Estelle v. Gamble,

7  429 U.S. 97 (1977); Snow, 681 F.3d at 987-88, overruled in part on other grounds, Peralta, 744

8  F.3d at 1082-83; Wilhelm, 680 F.3d at 1113, 1122 (9th Cir. 2012).

9       Further, the only conduct charged to Defendant Dillard is that he laughed when Plaintiff

10  fell.  Plaintiff is advised that verbal conduct is insufficient to state a claim for relief under section

11  1983.  Even if the statement amounted to harassment, "mere verbal harassment or abuse is not

12  sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarziewski v.

13  Ruggiero, 799 F.2d 1396, 1399 (9th Cir. 1989).  See McFadden v. Lucas, 713 F.2d 143, 146 (5th

14  Cir. 1983) (mere threatening language and gestures of a custodial officer do not, even if true,

15  amount to constitutional violations).  Plaintiff has therefore failed to state a claim for relief

16  against Deputy Dillard.

17                                          **IV.**

18                            **CONCLUSION AND ORDER**

19       Plaintiff was previously notified of the applicable legal standard and the deficiencies in

20  his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely

21  identical to the original complaint.  Based upon the allegations in Plaintiff's original and first

22  amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts

23  that would support a claim for an Eighth Amendment violation for failure to protect Plaintiff or

24  deliberate indifference to serious medical needs by Defendant Deputy Dillard, and further

25  amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A

26  district court may deny leave to amend when amendment would be futile.")    Based on the

27  nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.

28  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th

1    Cir. 1987).

2         Accordingly, IT IS HEREBY ORDERED that:

3    1.   This action is dismissed for failure to state a claim upon which relief could be

4         granted;

5    2.   This action counts as a strike pursuant to 28 U.S.C. § 1915(g); and

6    3.   The Clerk is directed to close this case.

7

8    IT IS SO ORDERED.

9    Dated:   **September 1, 2016**              /s/ *Barbara A. McAuliffe*

10                                      UNITED STATES MAGISTRATE JUDGE

5